SILLS CUMMIS & GROSS P.C.
Jack M. Zackin (JZ-2540)
Valerie A. Hamilton (VH-5697)
Lucas F. Hammonds (LH-4232)
One Riverfront Plaza
Newark, New Jersey 07102
Telephone: (973) 643-7000
Facsimile:  (973) 643-6500
Attorneys for Defendants, Lifco Hotels, LLC and Michael Konig

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>RARITAN HOSPITALITY, LLC,<br><br>        Debtor. | Hon. Kathryn C. Ferguson<br><br>Case No. 10-42099 (KCF)<br><br>Chapter 11 |
| RARITAN HOSPITALITY, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>LIFCO HOTELS, LLC and MICHAEL KONIG,<br><br>        Defendants. | Adv. Pro. No. 10-2566 (KCF) |

**APPLICATION IN SUPPORT OF MOTION FOR PERMISSIVE ABSTENTION UNDER 28 U.S.C. § 1334(c)(1) AND FOR STAY OF ADVERSARY PROCEEDING PENDING ADJUDICATION OF STATE COURT ACTION**

Defendants Lifco Hotels, LLC ("Lifco") and Michael Konig ("Konig," together with Lifco, the "Defendants") submit this Application in support of their Motion (the "Motion") for permissive abstention under 28 U.S.C. § 1334(c)(1) and for stay of the above-captioned adversary proceeding pending a final determination of the case styled *Lifco Hotels, LLC v.*

1843102 v4

*Raritan Hospitality, LLC v. Konig*, Case No. MID-C-214-09, in the Superior Court of New Jersey, Chancery Division, Middlesex County (the "State Court Action"). In support thereof, Defendants respectfully represent as follows:

## PRELIMINARY STATEMENT[1]

Presently, there are two actions involving the same litigants and arising from the same common nucleus of operative fact pending in the Superior Court of New Jersey and the United States Bankruptcy Court. This motion is intended to provide a framework for the expeditious resolution of both proceedings, without the unnecessary waste of judicial resources, undue cost, and excessive delay that the Debtor's filing of duplicative actions will bring.

The State Court Action, which sets forth virtually all of the matters in difference between the parties (with the exception of bankruptcy-specific causes of action), has been pending for over a year. This Court is generally familiar with the facts of the State Court Action. Lifco is the former owner and operator of a Holiday Inn hotel in Edison, New Jersey. The Debtor purchased the hotel from Lifco on November 2, 2007, and Lifco financed $12.7 million of the Debtor's purchase price. The Debtor executed a Note in favor of Lifco, which was secured by a Mortgage and Security Agreement. When Lifco learned that the Debtor was in default of its obligations to Holiday Inn and was at risk for termination of its license, Lifco commenced the State Court Action, seeking appointment of a receiver or authority to take control of the property as a mortgagee in possession. The Debtor filed a counterclaim, alleging that Lifco engaged in certain fraudulent or inequitable conduct and seeking rescission of the sale and damages. Not only had the parties filed complaints and counterclaims, but process was served upon all parties, and issue was joined. The parties engaged in motion practice before the Superior Court. Among

---

[1] All capitalized terms otherwise undefined in the Preliminary Statement shall have the meanings set forth in this Application.

1843102 v4

2

other things, the Superior Court denied the Debtor's request for injunctive relief authorizing it to make payment of its Note obligations into escrow, finding that the Debtor lacked a likelihood of success on the merits. Nevertheless, the Superior Court placed the State Court Action on an accelerated discovery and trial schedule. Although trial was initially scheduled for August 9, 2010, it was subsequently adjourned and, upon information and belief, is currently scheduled for January 31, 2011. According to the Debtor, it was "very pleased with the progress in the State Court Action." *See* Debtor's Verified Objection to Lifco's Motion for Stay Relief or, in the Alternative, Dismissal of the Debtor's Bankruptcy Case [Docket No. 50], ¶ 131.

Having been denied the ability to withhold payment of its Note obligations from Lifco and facing a November 2, 2010, maturity date on the Note (at which time over $12.1 million would immediately become due), as well as a fast approaching trial date in a case the Superior Court judge determined was unlikely to succeed on the merits, the Debtor changed tactics and forums. On October 15, 2010, the Debtor filed a bankruptcy petition. Although the automatic stay did not stay the Debtor's prosecution of the State Court Action, the Debtor ceased active litigation of it. On December 10, 2010, the Debtor commenced the Adversary Proceeding by filing a complaint that is substantially identical to the Debtor's counterclaim in the State Court Action. The factual underpinnings of the State Court Action and the Adversary Proceeding are the same, with the only difference being certain causes of action that arise from the bankruptcy court forum.

Defendants respectfully request that this Court exercise its discretion to permissively abstain from hearing the Adversary Proceeding and allowing the State Court Action to proceed on the merits. Doing so will serve the interests of justice by avoiding unnecessary waste of

1843102 v4

3

judicial resources, as well as the potential for inconsistent results, and excessive cost and delay that parallel proceedings may bring.

## BACKGROUND

### The Relevant Parties

1. Raritan Hospitality, LLC ("Raritan" or the "Debtor") is the owner of the Holiday Inn located at 3050 Woodbridge Avenue, Edison, New Jersey 08837 (the "Property").

2. Lifco is the former owner and operator of the Property, which the Debtor purchased from Lifco for $16.7 million on November 2, 2007.

3. Konig is the trustee of The Philanthropist's Trust, which is the sole member of Lifco.

### The Note and Mortgage and Security Agreement

4. The Debtor purchased the Property from Lifco for $16.7 million on November 2, 2007. The Debtor paid $4.0 million at closing and the balance was financed by Lifco.

5. In conjunction, on November 2, 2007, the Debtor executed a Promissory Note (the "Note") in favor of Lifco in the original principal amount of $12.7 million. The Debtor's obligations under the Note are secured by a purchase money Mortgage and Security Agreement, also dated November 2, 2007.

6. The Debtor is in default and has failed to make any payments due under the Note since September 2010. In addition, the Note matured on November 2, 2010. The Debtor's entire indebtedness under the Note (in excess of $12.1 million) is now due and payable to Lifco.

### The Debtor's Franchise Agreement

7. The Debtor entered into a franchise agreement with Holiday Hospitality Franchising, Inc. ("HHFI") to operate as a Holiday Inn.

1843102 v4

8. As purchase money mortgagee, Lifco was entitled to receive copies of default and termination notices issued by the franchisor to the Debtor.

9. Lifco received a copy of the franchisor's notice dated June 2, 2009 (the "OSAT Termination Letter"), which declared a default and terminated the franchise agreement, effective September 14, 2009, for failure to achieve the franchisor's minimum quality and service requirements.

10. Lifco also received a copy of franchisor's subsequent notice dated September 10, 2009 (the "PIP Termination Letter"), which declared a default and terminated the franchise agreement, effective November 16, 2009, for failure to complete required improvements.

### The Pending State Court Action

11. As a result of the franchisor's termination notices and the Debtor's failure to remedy its defaults, Lifco declared the Debtor in default of its obligations under the Note and Mortgage and Security Agreement and commenced the State Court Action in the fall of 2009 by filing a Verified Complaint and Order to Show Cause against the Debtor. Lifco sought to take control of the hotel business as a mortgagee in possession or, in the alternative, to have a receiver appointed.

12. The Debtor, in its Verified Answer, Affirmative Defenses, Counterclaim, and Third-Party Complaint (the "State Court Answer"), asserted claims against Lifco and Konig for fraud and unjust enrichment, among other things. The Debtor sought various forms of relief, including rescission of the sale transaction by which the Debtor acquired the Property from Lifco and the award of compensatory and punitive damages. A true and correct copy of the Debtor's State Court Answer is attached as Exhibit "A" to the Certification of Valerie A. Hamilton (the "Hamilton Cert.") submitted herewith.

1843102 v4

5

13. In addition, the Debtor filed a request for preliminary injunctive relief authorizing the Debtor to cease making payments to Lifco under the Note and for an expedited discovery schedule and expedited plenary hearing. The Honorable Frank J. Ciuffani, J.S.C., held a hearing on the Debtor's requests on May 18, 2010.

14. At the hearing, Judge Ciuffani determined that the Debtor "hasn't satisfied this Court that there is a reasonable probability of success on the merits of this claim" and denied the Debtor's request for injunctive relief. May 18, 2010 Tr., 67:3-5. Copies of the relevant portions of the May 18, 2010 transcript are attached as Exhibit "B" to the Hamilton Cert.

15. Judge Ciuffani granted the Debtor's request to expedite discovery and the plenary hearing on the Debtor's claims against Lifco and Mr. Konig and scheduled trial for August 9, 2010, with the goal of "try[ing] this case to a conclusion so that [Judge Ciuffani could] render a decision by the middle of August." May 18, 2010 Tr., 70:23 – 71:3. On information and belief, as of the Petition Date, discovery was scheduled to be completed by December 31, 2010, and trial was scheduled for January 31, 2011.

## The Bankruptcy Petition and Adversary Proceeding

16. On October 15, 2010 (the "Petition Date"), approximately two weeks before the maturation of the Note, the Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in order to stay the State Court Action and gain a tactical advantage in the litigation of its claims.

17. On December 10, 2010, in a blatant case of forum shopping, the Debtor commenced the Adversary Proceeding against Lifco and Mr. Konig, essentially duplicating the State Court Action. A true and correct copy of the Debtor's complaint (the "Adversary

1843102 v4

6

Complaint"), as amended on December 23, 2010, is attached as Exhibit "C" to the Hamilton Cert.

18. A comparison of the allegations raised in Debtor's Adversary Complaint and those contained in the State Court Answer reveals that they are virtually identical. The allegations of the Adversary Complaint not included in the State Court Answer do not give rise to any new causes of action. The Adversary Complaint's causes of action based on bankruptcy law (e.g., lien avoidance under 11 U.S.C. § 544) are asserted solely as a function of the forum.

19. Counts 3 through 8 of the Adversary Complaint set forth causes of action contained in the State Court Answer and correspond to State Court Answer Counts 1 through 6. Counts 1, 9, and 10 of the Adversary Complaint, for (i) lien stripping, (ii) equitable subordination, and (iii) objection to Lifco's proof of claim and the extent and validity of Lifco's liens, claims, and encumbrances, are purely a function of the forum. They are causes of action that do not exist except under bankruptcy law, so they could not be asserted in the State Court Action. However, their purpose is the same as the state court causes of action: to determine the validity and extent of the Debtor's obligation to Lifco (in addition to the determination of Konig's liability to the Debtor, if any).

## JURISDICTION & VENUE

20. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

21. Venue is proper before this Court pursuant to 28 U.S.C. § 1408 and 1409.

## RELIEF REQUESTED AND BASIS THEREFOR

22. Defendants respectfully request that this Court exercise its discretion (i) pursuant to 28 U.S.C. § 2334(c)(1) to permissively abstain from determining the state law causes of action

1843102 v4

7

in the Adversary Proceeding and direct those claims to be adjudicated to their conclusion in the State Court Action; and (ii) pursuant to Fed. R. Bankr. P. 9029(b) to stay the prosecution of the bankruptcy-specific causes of action in the Adversary Proceeding pending resolution of the State Court Action.[2]

### A.  **Permissive Abstention**

23. Defendants request that the Court exercise its discretion to abstain from hearing the state law causes of action in the Adversary Proceeding "in the interest of justice, or in the interest of comity with the state courts or respect for state law" under 28 U.S.C. § 1334(c)(1).[3]

24. Among the factors that this Court should consider in deciding whether to permissively abstain from hearing the state law causes of action are: (1) the effect abstention would have on the efficient administration of the bankruptcy estate; (2) the waste of judicial resources; (3) the extent to which issues of state law predominate over bankruptcy issues; (4) whether there is an established state court proceeding on the same issues; (5) the degree of relatedness or remoteness of the proceedings to the main bankruptcy case; (6) the feasibility of severing state law claims from the bankruptcy case; and (7) the likelihood that the bankruptcy proceeding represents forum shopping by the petitioner.  *N.J. Lawyers' Fund for Client Prot. v.*

---

[2] To the extent that the automatic stay must be and has not already been modified to allow the Defendants to adjudicate the State Court Action on the merits, including amendment of Lifco's State Court Complaint to allege the maturity of the Note, Defendants respectfully request that the automatic stay be so modified.

[3] 28 U.S.C. § 1334(c)(1), which provides for permissive abstention, applies to "proceeding[s] arising under title 11 or arising in or related to a case under title 11[,]" and applies to the entirety of the Adversary Proceeding.  Section 1334(c)(2), which provides for mandatory abstention, applies to causes of action "related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section."  Mandatory abstention is applicable to the causes of action asserted in Counts 3 through 8 of the Adversary Complaint, as those counts are state law causes of action, do not arise under title 11 or in this Bankruptcy Case, could not have been commenced in this Court absent jurisdiction under 28 U.S.C. § 1334, and the State Court Action has already been commenced and can be timely adjudicated.  *See* 28 U.S.C. § 1334(c)(2); *Williams v. McGreevey (In re Touch Am. Holdings, Inc.)*, 401 B.R. 107, 116 (Bankr. D. Del. 2009); *Koken v. Reliance Group Holdings, Inc. (In re Reliance Group Holdings, Inc.)*, 273 B.R. 374, 391 (Bankr. E.D. Pa. 2002).  If the Court does not permissively abstain from hearing the entire Adversary Proceeding, Lifco respectfully requests that the Court abstain from hearing the state law causes of action under 28 U.S.C. § 1334(c)(2).

1843102 v4

*Fornaro (In re Fornaro)*, 402 B.R. 104, 107-08 (Bankr. D.N.J. 2009); *In re Strano*, 248 B.R. 493, 504 (Bankr. D.N.J. 2000); *In re Federal-Mogul Global*, 282 B.R. 301, 314 (Bankr. D. Del. 2002); *Balcor/Morristown ltd. P'ship v. Vector Whippany Assocs.*, 181 B.R. 781, 793 (D.N.J. 1995).

25. Each of these factors weighs heavily in favor of the Court exercising its discretion to abstain from hearing the state law causes of action. Abstention would have no adverse effect on the Bankruptcy Case. Instead, it would facilitate the case's administration, particularly since the Debtor has suggested that its investors have been unwilling to commit to funding required PIP renovations to the Property until litigation with Lifco is resolved. Re-starting litigation already begun in the State Court and in which the State Court judge has already invested substantial time in pretrial matters, expedited discovery, and scheduled a trial date is a waste of judicial resources, is contrary to the interests of justice, and serves only to delay the expeditious resolution of the rights and claims of the parties.

26. The Adversary Proceeding seeks relief that is virtually identical to that sought by the Debtor in its counterclaims filed in the State Court Action. Thus, there is an established state court proceeding, the State Court Action, by which the parties' state law rights can be promptly determined. Efficient administration of the bankruptcy estate would be promoted by allowing the State Court Action to proceed, particularly because expedited discovery has been ordered and trial was scheduled for January 31, 2011. By contrast, the pretrial hearing in the Adversary Proceeding is not scheduled until April 18, 2011. Exercising the Court's discretion to abstain from hearing the Adversary Proceeding would also prevent the efforts and resources that have already been invested by the State Court from being wasted and would allow the Court to devote its resources and attention to the Bankruptcy Case itself.

1843102 v4

27. Although the Adversary Proceeding is related to the Bankruptcy Case to the extent that a determination of the parties' rights in the State Court Action may affect later determination of issues in the Bankruptcy Case (e.g., whether equitable subordination of Lifco's claims is permissible in light of the State Court's findings), this is not reason for this Court to hear all aspects of the Adversary Proceeding. Rather, it is a further reason to abstain. It demonstrates that the state law issues in the Adversary Proceeding predominate over the bankruptcy issues and that the Debtor is merely forum shopping. The Adversary Proceeding effectively duplicates the State Court Action, as the bankruptcy-specific causes of action are merely add-ons not based on any new facts, and the determination of the parties' respective rights under state law will determine their rights under applicable bankruptcy law. The Debtor seeks to avail itself of the automatic stay and duplicate the prior State Court Action in order to circumvent the State Court's unfavorable rulings against it and its expedited discovery and trial schedule.

28. In addition to the foregoing, one final pragmatic concern favors abstention: the state law claims are easily severable from the Bankruptcy Case. If the Court abstains and permits the State Court Action to proceed, the Bankruptcy Case can continue in its natural course. The Bankruptcy Case is far less likely to be delayed or otherwise adversely impacted if the State Court Action proceeds than if the Court hears the state law causes of action in the Adversary Proceeding. As noted earlier, the State Court was prepared to hold a trial on January 31, 2011, while the pre-trial conference in the Adversary Proceeding will not be held until April 18, 2011, at the earliest. To the extent that fundamental issues of the Bankruptcy Case turn on issues that will be adjudicated in the State Court Action, determining those issues in the Adversary Proceeding will be far less efficient. There is no basis to allow the Debtor to

1843102 v4

10

adversely affect the Bankruptcy Case in this way and otherwise abuse the provisions of the Bankruptcy Code. For these reasons, the Court should abstain from hearing the state law causes of action in the Adversary Proceeding under 28 U.S.C. § 1334(c)(1).

### B.  Stay of the Adversary Proceeding

29.    In order that the Court may abstain from hearing the state law causes of action in the Adversary Proceeding, preserve the parties' respective rights, and facilitate a just, timely, and economical resolution of the state law and bankruptcy issues, Defendants request that the Court stay the bankruptcy causes of action in the Adversary Proceeding pursuant to Fed. R. Bankr. P. 9029(b) until the State Court Action can be fully adjudicated.

30.    Rule 9029(b) provides that a judge "may regulate practice in any manner consistent with federal law, these rules, Official Forms, and local rules of the district." The Court should exercise its discretion under Rule 9029(b) because the procedure proposed by Lifco and Mr. Konig is optimal in this instance. Because the bankruptcy causes of action set forth in the Adversary Complaint are not based upon new facts, there will be no need for further discovery or adjudication of the Adversary Proceeding once the State Court Action has come to its conclusion. The facts established and issues decided by the State Court Action will be dispositive of all remaining issues in the Adversary Proceeding. After the State Court Action has been resolved, the parties can return to the Bankruptcy Court for a determination of the remaining issues in light of the State Court Action's outcome. This procedure will also prevent the potentially inconsistent results that may occur if the Adversary Proceeding or any portion thereof is allowed to proceed. For the foregoing reasons, a stay of the bankruptcy causes of action in the Adversary Proceeding while the State Court Action is adjudicated is the most economical, timely, and fair course.

1843102 v4

**WHEREFORE**, Defendants respectfully request that the Court abstain from hearing the state law causes of action in the Adversary Proceeding and enter the accompanying Order staying the bankruptcy causes of action while the State Court Action is adjudicated.

Dated: January 7, 2011               SILLS CUMMIS & GROSS P.C.

                                                       By:   /s/ Valerie A. Hamilton
                                                            Jack Zackin
                                                            Valerie A. Hamilton
                                                            Lucas F. Hammonds
                                                            One Riverfront Plaza
                                                            Newark, New Jersey 07102
                                                            (973) 643-7000

                                                            Attorneys for Defendants,
                                                            Lifco Hotels, LLC and Michael Konig

1843102 v4